[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: APPLICATION FOR TEMPORARY INJUNCTION
This case is before the court on the plaintiff's application for a temporary injunction. The plaintiff has challenged the validity of the fire lieutenant promotional exam by providing evidence designed to illustrate that numerous questions were ambiguous, improper, or irrelevant. With respect to his challenge, the plaintiff has relied primarily on the testimony of Chief Gardiner, past chief of the defendant fire department. Chief Gardiner's testimony constituted the crux of the plaintiff's evidence. The defendants succeeded in undermining the credibility of Chief Gardiner's testimony by eliciting from him that he is currently suing the Town of Fairfield and the Fire Commission in connection with his discharge from his position. Through cross-examination, the defendants also elicited from Chief Gardiner that he had filed an-ethics complaint against Fire Commissioner Ross in the fall of 1998. As a result, the credibility of the plaintiff's chief witness was called into question.
The plaintiff's evidence does not sufficiently prove that the challenged exam questions are invalid. Rather, the evidence illustrates that the answers deemed correct by the exam preparer were derived from the reference sources on the bibliography list. This bibliography list was distributed to every exam taker prior to the exam. Every exam taker took the same exam and was subject to the same advantages and disadvantages.
The court concludes that the plaintiff has failed to meet his burden of showing that the challenged exam questions were invalid and that a substantial probability of irreparable harm exists. This conclusion is buttressed by the fact that it is unlikely that the plaintiff's score on the written exam, even if altered, would place him high enough for likelihood of promotion.
Thus, the current promotional list should remain in place, and the plaintiff's application for temporary injunction is denied. CT Page 2217 SKOLNICK, J.